1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

MARK JENKINS,

          Petitioner,

    v.

CARLOS ARCE,

          Respondent.

No. 2:24-cv-08473-DOC-BFM

**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED**

**SUMMARY OF ORDER**

Petitioner Mark Jenkins filed a habeas petition in federal court arguing that he should be resentenced in state court. Jenkins' claim does not appear to be cognizable on federal habeas review—meaning, it is not the kind of claim for which the federal courts may grant habeas relief. Federal courts may only grant federal habeas relief if a prisoner is held in violation of the federal Constitution, a federal statute, or treaty. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). But Jenkins' claim appears to be a matter of state resentencing law, and a court may not grant federal habeas corpus relief for errors of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). To the extent Jenkins has a cognizable claim in this Court, it does not appear that he exhausted that claim by presenting it to the state's

highest court before filing this federal Petition. The Court therefore orders Jenkins to explain why his Petition should not be dismissed. **If Jenkins fails to timely respond to this order, the Court will recommend that his Petition be dismissed without prejudice**.

## ORDER

Jenkins is a California state prisoner currently housed in Salinas Valley State Prison. (ECF 1 at 2.) He was convicted of first-degree murder in the Los Angeles County Superior Court at Long Beach, California. He filed this Petition because he believes he is entitled to resentencing under "the new definitions" of premeditated intent. (ECF 1 at 6.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. It appears that this Petition is subject to dismissal under Rule 4 because it does not set forth a cognizable claim and because the claims it presents are not exhausted. The Court will discuss each of these in turn.

First, a federal court may only grant federal habeas relief upon a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. *McGuire*, 502 U.S. at 68. A court may not grant federal habeas corpus relief for errors of solely state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). Jenkins says he is entitled to resentencing under the "new definitions" of premeditated intent. That description alone does not make clear what Jenkins is arguing, but where he describes his most recent state habeas petition, he cites *People v. Delgadillo*, 14 Cal. 5th 216 (2022), "changes" to California's murder and felony-murder statutes, and Penal Code section 1172.6. (ECF 1 at 4.) *See also People v. Jenkins*, No. B333782, 2024 WL 2929701 (Cal.

1  Ct. App. Jun. 11, 2024) (affirming denial of petition for resentencing under
2  California Penal Code section 1172.6, which authorizes the filing of a petition
3  for resentencing in state court where an individual was convicted of felony-
4  murder under the natural and probable consequences doctrine).

5       To the extent that Jenkins' Petition here rests on those same grounds, his
6  claim is not cognizable on federal habeas review—that is, it is not the kind of
7  claim as to which the federal court may grant habeas relief. Any entitlement he
8  may have to being resentenced is a matter of state law, and federal habeas relief
9  may not be granted for errors of state law. *See Malone v. Gastelo*, No. CV 21-
10  04335 JLS (RAO), 2022 WL 14966301, at *5 (C.D. Cal. Aug. 30, 2022), *report
11  and recommendation adopted*, 2022 WL 15173364 (C.D. Cal. Oct. 25, 2022)
12  (finding that a state court's denial of resentencing under section 1172.6 does not
13  raise a cognizable issue on federal habeas review).

14       Second, a state prisoner must exhaust state court remedies before a
15  federal court may consider granting habeas corpus relief. *See* 28 U.S.C. §
16  2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the
17  exhaustion requirement, a habeas petitioner must "give the State the
18  opportunity to pass upon and correct alleged violations of its prisoners' federal
19  rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation
20  marks omitted). For a petitioner in California state custody, this generally
21  means that the petitioner must have fairly presented his federal claims to the
22  California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28
23  U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999)
24  (applying *O'Sullivan* to California).

25       Here, the Petition does not reflect that Jenkins presented his claim for
26  resentencing to the California Supreme Court. (ECF 1 at 4 (stating that Jenkins
27  filed a state habeas petition in the California Court of Appeal only).) Moreover,

28

a search of the California Supreme Court's docket[1] does not reflect any recent filing in that Court under his name. As such, it appears his Petition is subject to dismissal for failure to exhaust.

Before the Court recommends dismissal of the action on these grounds, the Court will give Jenkins an opportunity to respond. Jenkins is therefore **ORDERED** to show cause—to explain in writing—why the Court should not recommend dismissal of the Petition for failure to raise a cognizable claim and for failure to exhaust. Jenkins shall file his response **no later than November 12, 2024**.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed without prejudice for failure to exhaust, failure to present cognizable claims, and/or for failure to prosecute and to follow court orders**.

DATED:  October 10, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

---

[1] https://appellatecases.courtinfo.ca.gov/